IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN RICHARD | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 19-cv-270 |
| | § | |
| KROGER TEXAS L.P. | § | |
| | § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Bryan Richard ("Richard" or "Plaintiff"), and complains of Kroger Texas L.P. ("Kroger" or "Defendant"), and for his cause of action would respectfully show the Court as follows:

### I. SUMMARY

1. Kroger discriminated and retaliated against Richard, who is black, based on his race. Specifically, Kroger terminated Richard the day after he complained about offensive racial comments directed towards him by a co-worker.

### II. PARTIES

2. Plaintiff Bryan Richard is an individual residing in Texas.

3. Defendant Kroger Texas L.P. is an Ohio limited partnership with a principal place of business in Harris County, Texas. Kroger may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1

### III. Nature of Action

4. This is an action filed under the Civil Rights Act of 1866, as amended. *See* 42 U.S.C. § 1981.

### IV. Jurisdiction and Venue

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

6. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1), (b)(2), and 28 U.S.C. § 124(b)(2) because Kroger has a principal place of business in Houston, Texas (in Harris County, Texas), which is located in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Richard's claims occurred in the Houston Division of the Southern District of Texas.

### V. Factual Background

7. Kroger owns and operates grocery stores in Texas and Louisiana.

8. Kroger is a subsidiary of The Kroger Co., a nationwide chain of grocery stores.

9. Kroger hired Richard in October 2018 to work as a meat clerk at its grocery store located at 5150 Buffalo Speedway, Houston, Texas 77005.

10. Linda Fox, a Human Resources representative, was involved in hiring Richard.

11. Richard was the only black employee who worked in the meat department at that particular Kroger store.

12. Richard was qualified for the job he held at Kroger.

13. On December 16, 2018, Richard was helping a customer when his co-worker Tony Chang, also a meat clerk, called Richard the N-word in a threatening manner. Richard was extremely offended by Chang.

14. Richard immediately complained to the store's Human Resources representative, Jesus.[1]

15. Jesus called a meeting with Richard and Chang, and Chang admitted to calling Richard the N-word.

16. Both Richard and Chang were sent home.

17. The next day Richard called Kroger's corporate HR department, but was told that nothing was reported about the incident. However, he was told that a report would be made to the district manager.

18. Richard then went back to Kroger and attended a meeting with Jesus and his department manager. Jesus had Richard sign an alleged company policy document and then terminated Richard for alleged performance reasons. Richard asked for more details, but Jesus simply said he did not have to tell him anything else.

19. Richard never had any performance problems during the approximately two months he worked at Kroger.

20. Richard never received any oral warnings during his employment.

21. Richard never received any written warnings during his employment.

22. Richard never had any poor performance evaluations.

23. Kroger's reason for terminating Richard is false.

24. Chang was not terminated.

25. Upon information and belief, Chang was not disciplined for using a racial slur in the workplace directed.

26. Richard was treated worse than non-black employees.

27. Kroger did not conduct a thorough investigation into Richard's complaints.

---

[1] Last name unknown at this time.

28. Kroger is required to maintain policies to prevent unlawful discrimination, harassment, and harassment in the workplace.

29. Kroger has a legal responsibility to maintain a workplace free of unlawful discrimination, harassment, and retaliation.

30. Kroger must protect its employees from unlawful discrimination, harassment, and retaliation.

31. Kroger understands that unlawful discrimination, harassment, and retaliation may prevent employing good employees.

32. Kroger failed to maintain a workplace free of unlawful discrimination, harassment, and retaliation.

33. Kroger did not provide proper anti-discrimination and anti-retaliation training to Jesus.

34. Kroger did not provide proper anti-discrimination and anti-retaliation training to Chang.

35. Kroger failed to protect Richard from unlawful discrimination, harassment, and retaliation.

36. Kroger did not act in good faith.

37. Kroger's unlawful actions were willful and/or committed with reckless disregard of the law.

38. Kroger's actions were committed with malice.

39. Kroger's unlawful actions caused Richard to suffer mental anguish, pain and suffering, damage to his reputation, loss of earning capacity, loss of enjoyment of life, inconvenience, lost back pay, loss of benefits, and other damages.

## VI. CAUSES OF ACTION

40. Richard hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

**A. Race discrimination under Section 1981**

41. Kroger discriminated against Richard based on his race. *See* 42 U.S.C. § 1981.

### B. Retaliation under Section 1981

42. Kroger retaliated against Richard based on his complaint about racial discrimination and/or harassment. *See* 42 U.S.C. § 1981.

## VII. Jury Demand

43. Richard demands a trial by jury.

## VIII. Damages

44. As a result of the above mentioned actions, Richard seeks the following damages:

   a. Back pay;

   b. Loss of benefits;

   c. Loss of earning capacity;

   d. Reinstatement or, in the alternative, front pay;

   e. Loss of enjoyment of life;

   f. Inconvenience;

   g. Injunctive relief;

   h. Mental anguish and emotional distress;

   i. Compensatory damages;

   j. Punitive or exemplary damages;

   k. Reasonable and necessary attorneys' fees;

   l. Court costs;

   m. Prejudgment and post-judgment interest;

   n. Any and all other damages and/or relief, equitable or otherwise, to which Richard may be entitled under federal law.

## IX. PRAYER

Wherefore, premises considered, Richard respectfully prays that Kroger be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Richard against Kroger for damages in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Richard may be entitled.

Respectfully submitted,

Dated: January 25, 2019              SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

*Attorney for Plaintiff, Bryan Richard*